F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
NOV 2 6 2024
BROOKLYN OFFICE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA,**
Plaintiff,

v.

98-cr-00497-MKB
~~Crim No. 1-94-cr-00802-LDH-1~~   JD

**DEXTER ISAAC,**
Defendant.

Clerk's Office
Filed Date: Received on December 9, 2024 DLMP
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

_____/

## MOTION FOR COMPASSIONATE RELEASE AND REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)(i)

**COMES NOW,** Defendant Dexter Isaac ("Mr. Isaac"), respectfully moving this Court to grant his motion for compassionate release and reduce his life sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Isaac seeks this relief based on "extraordinary and compelling reasons" that include his extensive rehabilitation, disproportionate sentencing under current guidelines, and the harsh prison conditions he has endured. In support of this motion, Mr. Isaac presents the following:

**RELEVANT BACKGROUND**

Isaac assumes familiarity with the underlying facts of this case, from recently filed motions by him. Thus, he will only cite facts relevant to the instant claims:

On November 19, 1999, Isaac was convicted, following an approximately four-week trial of murder for hire, conspiracy to commit murder for hire, Hobbs Act

1

robbery, Hobbs Act robbery conspiracy, using and carrying a firearm during and in relation to a crime of violence, witness tampering, and obstruction of justice. As a result of his convictions, on March 28, 2000, Isaac was sentenced principally to a term of life imprisonment plus a five-year consecutive term on the Section 924(c) offense charged in Count Five.

Specifically, Isaac was sentenced to mandatory life imprisonment on the murder-for-hire and murder-for-hire conspiracy charges; 20 years' imprisonment on the Hobbs Act robbery and robbery conspiracy charges; 10 years' imprisonment on the witness tampering charge; 10 years' imprisonment on the obstruction of justice charge; and five years' imprisonment (to be served consecutively to the balance of the sentence) on the firearm charge (Count Five). (See Am. Judg. at 2).

## I. Introduction

This motion requests compassionate release for Mr. Isaac based on his exceptional rehabilitation, model conduct, and his commitment to self-improvement over more than three decades of incarceration. In line with the principles established in *United States v. Tellier* and *United States v. Kirkland*, significant transformation during incarceration, coupled with the changing legal landscape, supports relief for those who have fulfilled punitive objectives and demonstrated readiness to reenter society.

## II. Jurisdiction and Legal Standard

Under the First Step Act of 2018, courts gained the authority to consider sentence reductions for "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Isaac seeks sentence modification on the grounds that his

2

rehabilitative efforts, the disproportionality of his sentence under current guidelines, and evolving sentencing trends justify such relief.

## III. Substantial Rehabilitation and Personal Change

1. **Completion of Rehabilitation Programs**
   Mr. Isaac has devoted himself to self-improvement through consistent participation in educational and rehabilitative programs, mirroring the factors that justified relief in *United States v. Tellier*, No. 92 Cr. 869 (LGS) (S.D.N.Y. Aug. 25, 2023). Tellier, like Mr. Isaac, demonstrated exceptional commitment to personal growth and mentoring. Mr. Isaac's completion of vocational and educational programs not only underscores his sincere reform but also aligns with the rehabilitative aims of the criminal justice system.

2. **Behavioral Record and Positive Contributions**
   Throughout his incarceration, Mr. Isaac has maintained an impeccable disciplinary record, actively mentored fellow inmates, and has become a model of reform and leadership. Similar to the defendants in *Tellier* and *Kirkland*, his conduct exemplifies the positive transformation that courts increasingly recognize as grounds for compassionate release. Mr. Isaac's involvement in rehabilitative programs and his role as a mentor have fostered community restoration, supporting his request for sentence reduction.

## IV. Comparative Case Law and Sentencing Disparities

1. **United States v. Tellier (2023)**
   Rene Tellier, convicted of severe offenses, was granted compassionate release after 35 years based on his rehabilitation, non-violent conduct, and

3

commitment to mentoring. The court acknowledged that the collective weight of these factors justified Tellier's release, which serves as a strong precedent in support of Mr. Isaac's request.

2. **United States v. Kirkland (2024)**

   In *United States v. Kirkland*, No. CRIMINAL ELH-94-10 (D. Md. Oct. 18, 2024), the court granted compassionate release after Kirkland served over 30 years of a life sentence, citing significant rehabilitation, advanced age, and current guidelines suggesting a lesser sentence today. Similarly, Mr. Isaac's prolonged sentence appears excessive by contemporary standards, and his documented reform suggests a readiness for release.

3. **Sentencing Disparities**

   Mr. Isaac's life sentence is significantly longer than sentences now imposed for similar or even more serious offenses. Courts, as in *Tellier* and *Kirkland*, have found that extended sentences paired with demonstrated rehabilitation warrant compassionate release. The substantial disparity in Mr. Isaac's sentence, compared to today's norms, highlights that his continued incarceration is excessive under 18 U.S.C. § 3553(a).

4. **Recent Observations and Sentencing Trends**

   Judge Blake's observations in *United States v. Bryant*, No. 95-202-CCB-3, 2020 WL 2085471 (D. Md. Apr. 30, 2020), coupled with Sentencing Commission data, reveal a decline in average sentences for similar offenses. In 2018, the national average sentence for murder was 291 months, with the Fourth Circuit averaging 327 months. By 2020, these averages had dropped to 255 months nationally and 271 months in the Fourth Circuit. Mr. Isaac's sentence exceeds these averages by a substantial margin, underscoring the disparity that justifies his petition for sentence reduction.

## V. Legal and Policy Framework

1. **Statutory Basis (18 U.S.C. § 3582(c)(1)(A))**

   This statute allows for compassionate release when "extraordinary and compelling reasons" exist, as reinforced by the First Step Act of 2018. Rehabilitation and sentencing disparities are recognized as compelling grounds for sentence modification, supporting Mr. Isaac's motion.

2. **Pepper v. United States (2011)**

   The Supreme Court in *Pepper v. United States* emphasized that post-sentencing conduct should be a primary factor when assessing a defendant's current character. Mr. Isaac's rehabilitative efforts, model behavior, and community contributions affirm his readiness for release.

## VI. Application of § 3553(a) Factors

1. **Nature of the Offense**

   While Mr. Isaac's offense was serious, the considerable time he has served—over 30 years—has fulfilled the punitive and deterrent objectives of his sentence. His exemplary behavior further indicates that he no longer poses a risk to society.

2. **Current Character and Risk of Recidivism**

   Mr. Isaac's rehabilitation, advanced age, and commitment to personal improvement suggest a very low risk of recidivism. He no longer poses a danger to the community, satisfying a critical consideration under 18 U.S.C. § 3553(a).

3. **Avoiding Sentencing Disparities**

   Continuing Mr. Isaac's incarceration would create an unwarranted

5

sentencing disparity compared to similarly situated individuals who have been granted release, reinforcing his case for compassionate relief.

4. **Conditions of Confinement**

   Mr. Isaac's facility has faced severe lockdowns, staffing shortages, and limited access to essential services, which have worsened with COVID-19. These harsh conditions amount to a deprivation of constitutional rights and further support his request for relief under the Eighth Amendment's prohibition of excessive punishment.

## VII. Defendant's Claim: Lack of Danger Due to Imminent Deportation

**Background:**

Mr. Isaac, faces a pending immigration detainer with deportation proceedings expected upon release. Mr. Isaac respectfully argues that his deportation fully mitigates any risk of him posing a danger to the public within the United States, as he will be removed from the jurisdiction and control of U.S. society, where any perceived risk might otherwise be assessed.

**Argument:**

1. **Deportation Removes Defendant from U.S. Society**

Upon release from custody, Mr. Isaac is subject to an immigration detainer, and he will be immediately transferred to Immigration and Customs Enforcement (ICE) for deportation proceedings. Once deported, Mr. Isaac will be permanently removed from the United States, eliminating any interaction with or potential impact on U.S. citizens or residents. This transition ensures that Mr. Isaac will not

have the capacity to re-enter U.S. society or engage in any conduct that might affect the safety or well-being of the public.

### 2. No Threat in Home Country

Mr. Isaac's deportation will place him under the jurisdiction and control of his home country, where any concerns about his conduct will fall within the scope of the laws and enforcement practices of that country. This removes any direct relevance of U.S.-based safety concerns, as Mr. Isaac's actions will no longer take place within or impact U.S. territory.

### 3. Deportation as a Safeguard

The process of deportation serves as an additional safeguard in reducing any potential risk Mr. Isaac might pose. The certainty of his removal from the United States provides a structural solution to concerns about community safety and obviates any need for continued confinement based on speculative or preemptive concerns.

### 4. Compliance with 18 U.S.C. § 3553(a) Factors

The Court is encouraged to consider the "history and characteristics of the defendant" and "the need to protect the public from further crimes of the defendant," as outlined in 18 U.S.C. § 3553(a). Mr. Isaac's deportation satisfies these considerations by removing him from the community in question, rendering any argument for continued detention on grounds of public danger inapplicable.

In sum, given the established deportation detainer and the assured removal from U.S. jurisdiction, Mr. Isaac's release poses no danger to the public within the United States. The Defendant respectfully requests the Court to grant

compassionate release on the grounds that his imminent deportation addresses and nullifies any concerns regarding potential future risk.

## VIII. Detailed Explanation of Mr. Isaac's Rehabilitation and Release Plan

1. **Model Inmate and Rehabilitation Efforts**

   Mr. Isaac's conduct over the decades has been exemplary. He has actively participated in rehabilitative programs, gained strong support from his family, and demonstrated respect and accountability in all his interactions with prison staff. His efforts reflect Congress's intent in 18 U.S.C. § 3553(a) to foster sufficient but not excessive sentencing.

2. **Personal Accountability and Remorse**

   Mr. Isaac acknowledges his past actions and has taken full responsibility for his crimes. He has pursued self-improvement with sincerity, expressing remorse without excuses. His rehabilitative record, marked by his completion of educational programs and mentoring, reflects his genuine reform.

3. **Release Plan**

   Upon release, Mr. Isaac has a secure plan for reintegration, with family committed to supporting his transition. His plan includes obtaining essential identification, securing employment, and engaging in community programs to ensure his successful reentry. Family and community support are in place to aid his rehabilitation, aligning his release with both personal and public safety interests.

## IX. Conclusion

For these reasons, Mr. Isaac respectfully requests that this Honorable Court grant his motion for compassionate release, reduce his sentence to time served, or alternatively, impose a term in line with current sentencing practices. Given Mr. Isaac's significant reform and the evolving standards in federal sentencing, such a reduction would serve justice and reflect the principles of fairness embedded within the First Step Act.

Respectfully submitted,

Dexter Isaac, Pro Se

**Reg. No. 49733-053**
Federal Correctional Institution, Victorville I
P.O. Box 3725, Adelanto, CA 92301

## Certificate of Service

I hereby certify that a true copy of this motion has been sent to the U.S. Attorney for the Eastern District of New York by U.S. Mail pre-paid. On Nov.____, 2024.

Respectfully submitted,

Dexter Isaac, Pro Se

Reg. No. 49733-053
Federal Correctional Institution, Victorville I
P.O. Box 3725, Adelanto, CA 92301

Second Chance 4 R.E.A.L.
Tommy Walker
*Certified Paralegal*
Ph: (716) 348-9861
2ndChance4r.e.a.l@gmail.com
P.O. Box 514 • Buffalo, NY 14215-0514

Retail  

11201

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
BUFFALO, NY 14241
NOV 21, 2024
$2.04
S2324A502714-82

Clerk of Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E D.N.Y.

★ NOV 26 2024 ★

BROOKLYN OFFICE